```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF PENNSYLVANIA


THE CINCINNATI INSURANCE      )
COMPANY,                      )
                              )
               Plaintiff,     )   Civil Action No. 07-535
                              )
     v.                       )   Judge Flowers Conti
                              )   Magistrate Judge Caiazza
STEVEN E. HAWKINS and         )
THE WAYNESBURG COLLEGE,       )
                              )
               Defendants.    )
```

**OPINION AND ORDER**

**I.  OPINION**

The Defendant Waynesburg College's Motions to compel joinder of an additional party (Doc. 15) and for an extension of discovery (Doc. 17) will be granted to the extent described below.[1]

---

[1] The Defendant's joinder Motion relies on Federal Rule 19(a), which addresses "[p]ersons to be [j]oined if [f]easible," commonly known as "necessary" parties. *See generally* Def.'s Mot. at 1.  The undersigned will follow the trend of cases holding that the joinder of additional parties is a non-dispositive matter susceptible to resolution by a magistrate judge. *See, e.g.*, Chavez v. Illinois State Police, 1999 WL 515483, *2 (N.D. Ill. Jul. 15, 1999) ("[a] motion to join an additional party . . . is a nondispositive pretrial matter") (citation omitted), *aff'd* 251 F.3d 612 (7th Cir. 2001); Hart v. Dow Chem., 1997 WL 627645, *4 (N.D. Ill. Sept. 30, 1997)(motion to amend pleadings to join new parties is non-dispositive matter).
The undersigned's resolution of the Motion also satisfies the "effects test," because the grant does not eliminate the claim(s) or defense(s) of any party. *See* Nitchman v. Union Pacific R.R. Co., Inc., 2006 WL 2781416, *2 (D. Colo. Sept. 26, 2006) (discussing "effects test," citations omitted).  Finally, the undersigned expressly declines to reach the Defendant's alternative request for dismissal under Rule 19(b), regarding parties commonly referred to as "indispensable." *See* discussion in text, *infra*.  Any ruling on this request undoubtedly would be of a dispositive nature.

**BACKGROUND**

In this diversity action, the Cincinnati Insurance Company ("the Insurer") seeks a judicial declaration that it owes no coverage to Waynesburg College ("the Insured" or "the School") for injuries sustained by student Steven E. Hawkins ("the Injured") in an accident involving a compound meter saw ("the Saw").  *See generally* Def.'s Mot. at ¶ 3 *and* n.1. The Injured has filed a separate lawsuit in this District, alleging among other things that the School was negligent in failing to properly train and supervise him in connection with the Saw.  *See generally* case filed at Civil Action No. 07-5. In this case, the Insurer asserts that the claims brought by the Injured sound in professional negligence within the meaning of certain exclusions in the School's policy.  Def.'s Mot. at ¶ 3.

The Insured now seeks to compel the joinder of its insurance broker, Baily Insurance Agency, Inc. ("the Broker"), claiming among other things that the Broker "has an interest relating to the subject of the action and is so situated that the disposition of the action in [its] absence may . . . as a practical matter impair or impede [its] ability to protect that interest."  *Id.* at ¶ 18 (quoting Fed. R. Civ. P. 19(a)(2)(i)).  The Insured argues that, if the court concludes there is no coverage, this will demonstrate the Broker was negligent and/or breached its contractual obligations with the Insured by failing to secure

appropriate coverage.  *Id.* at ¶ 17; *see also id.* at ¶ 7 (Insured "reasonably relied upon Baily to obtain coverage appropriate for its business, including . . . the risk of injury to students as a result of the negligent acts or omissions of [the School's] staff and faculty").

In response, neither the Insurer nor the Injured objects to the joinder of the Broker.  *See* Docs. 16 and 18.  Having not yet been joined, the Broker has not been heard.

**ANALYSIS**

Whether the Broker "has an interest" in this action to the extent that its absence may "as a practical matter impair or impede [its] ability to protect that interest" is best answered by the Third Circuit Court's decision in Schulman v. J.P. Morgan Inv. Mgm't, Inc., 35 F.3d 799 (3d Cir. 1994).  There, a tenant sued its landlord's mortgagee for intentionally interfering with a lease contract between the tenant and the landlord.  *Id.* at 801.  In defense, the mortgagee claimed that it could not be liable for tortious interference because there existed no valid, enforceable lease agreement.  *Id.* at 803.  In response, the tenant argued that the landlord was an indispensable party, which implicitly required it to be a "necessary" party, because the landlord's presence "was essential to resolving" the issue of whether an enforceable lease interest was created.  *Id.* at 804.

In addressing whether the landlord was a "necessary" party under Rules 19(a)(2)(i) and (ii), the Schulman Court stated:

> We recognize that a decision in this action on the mortgagee's defense to [the tenant's] claim for tortious interference denying the existence of any lease . . . could affect the pending state court action [filed by the landlord seeking eviction of the tenant]. [B]ut whether [the landlord] would be collaterally estopped [from denying a lease existed] is ultimately a matter for the state court to decide when the issue arises. . . .
>
> Nevertheless, under general principles of collateral estoppel or issue preclusion, a strong argument can be made that [the landlord] would be bound [by an unfavorable ruling on the existence of a lease]. . . . [The landlord's] interests are the same as the mortgagee [in attempting to show no valid lease existed,] and the mortgagee had a full and fair opportunity to litigate the issue as well as every incentive to press its defense that no lease ever arose.

*Id.* at 805-806 *and* n.10 (citations omitted).[2]

---

[2] If, in a subsequent action, the Broker will be collaterally estopped from challenging a finding of no coverage here, the Broker is a necessary party. *See* Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 409 (3d Cir. 1993) (holding same). Collateral estoppel, or issue preclusion, requires that: (1) the issue decided in the prior adjudication was identical with the one presented in the later action; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in the prior action. *Id.* at 806 (citations and internal quotations omitted). There is no reason to doubt that, (1) the coverage issue in the Insured's potential lawsuit against the Broker will be identical to the one presented in this case, (2) there will be a final judgment on the merits, and (4) the Insured will have a full and fair opportunity to litigate the coverage issue. The only question remaining is whether the Insured and the Broker are in "privity," at least with respect to the defense that coverage indeed exists. Based on the teachings of Schulman,

On these and other grounds, the Schulman Court "assume[d], without deciding, that [the landlord was] a necessary party under Rule 19(a)." *Id.* at 806.

The facts in Schulman are materially indistinguishable from the ones presented here. Just as the mortgagee and the landlord in that case, the Insured and the Broker here share an identical defense to the claims asserted against them; namely, that coverage under the policy exists. This court need not, and indeed should not, conclude that sufficient "privity" exists to definitively support a finding of collateral estoppel in the potential suit against the Broker. *See* Schulman, 35 F.3d at 805 (whether collateral estoppel exists "is ultimately a matter for the state court to decide when the issue arises"). It suffices to say that the identity of interest between the parties justifies the Broker's joinder as a necessary party. *See id.*; Fed. R. Civ. P. 19(a)(2)(i) (party is necessary if as "a practical matter" its interests may be "impair[ed] or impede[d]" in subsequent case) (emphasis added); *see also* Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821 (9th Cir. 1985) (court "need not conclusively determine how collateral estoppel would operate in future litigation"; "Rule 19 speaks to

---

the published Third Circuit decision whose facts most closely resemble the ones presented here, the court finds a sufficient possibility of issue preclusion to conclude that the Broker's interests "as a practical matter" require its joinder. *See* discussions *infra* in text.

possible harm, not only to certain harm," and party is necessary where "a significant possibility exists that the relationship between [the original and putative party] is sufficiently close" that putative party "could be collaterally estopped from relitigating issues decided" in current proceeding) (citation and internal quotations omitted).[3]

For these reasons, and informed by the fact that no current party objects to the joinder of the Broker, the court will grant the Defendant's Motion to join the Broker. Importantly, however, the court's ruling is restricted to the operation of Rule 19(a), which addresses persons "who [are] subject to service of process

---

[3] In Janney, which preceded Schulman, the Third Circuit Court cautioned against taking too expansive a view regarding the threat of possible issue preclusion. *See* Janney, 11 F.3d at 407 ("we are not inclined to hold that any potential effect the [*stare decisis*] doctrine may have on an absent party's rights makes the absent party[ necessary]"; "to whatever extent the rule's phrase 'as a practical matter impair or impede' has broader meaning than that given by principles of issue preclusion, we think the effect of the federal decision must be more direct and immediate than the effect [considered] . . . here"). The facts in this case are much closer to Schulman than Janney. *Compare* discussions *supra with* Janney (in case brought by obligee, co-obligor was not entitled to dismissal of case based on alleged status of other co-obligor as indispensable party; co-obligors did not share same interests in connection with co-obligee, but in fact had "adverse [interests] . . . with respect to any right of contribution or indemnity"). Despite the Schulman Court's election to assume, without deciding, that the putative party was "necessary," the opinion remains more persuasive than Janney given the close alignment of facts between this case and Schulman. Finally, the court declines to follow the district court decisions refusing to join insurance brokers into declaratory judgment actions regarding coverage. *See, e.g.*, Coregis Ins. Co. v. Wheeler, 180 F.R.D. 280, 283 (E.D. Pa. Jul. 24, 1998). In those cases, the courts focused on the parties' ability to achieve "[c]omplete relief" in the absence of the broker, *see id.*, an issue irrelevant to the analyses under Rule 19(a)(2)(i).

and whose joinder will not deprive the court of [subject matter] jurisdiction." The Defendant represents, and the court now has no reason to doubt, that the Broker is a Pennsylvania citizen and its joinder will not destroy diversity. *See* Def.'s Mot. at ¶¶ 1-2. If these facts prove not to be true, a determination under Rule 19(b), regarding parties commonly referred to as "indispensable," will be required and the result could be altogether different. *See* Schulman (assuming putative party was necessary under Rule 19(a), but ultimately rejecting conclusion it was indispensable under Rule 19(b)).

As to necessary/indispensable parties, however, the Defendant sets its sights beyond the Broker itself. In a previous Motion, the Insured stated its desire to take discovery regarding certain entities who "assisted in Baily's procurement of [the] insurance." *See* Def.'s 1st Mot. to extend discovery deadline (Doc. 14) at ¶ 8; *see also id.* at ¶ 9 (seeking discovery to determine whether two other entities "may be [necessary or] indispensable parties to this action").

The Defendant's request to investigate additional parties proves too much. Counsel provides no indication whether the joinder of these entities may or may not destroy the court's diversity jurisdiction. Under the circumstances, the court would not be able to restrict its inquiry into whether such possible defendants are only necessary, as opposed to indispensable.

The current litigants have <u>not</u> consented to the joinder of these parties, moreover, and the court has serious concerns regarding the Insured's potentially "hijacking" this case at the sake of prejudicially delaying the resolution of the other parties' interests. The Injured already has expressed concerns regarding potential delays in this case stymieing meaningful settlement negotiations and/or a resolution of the underlying dispute, as the coverage issue apparently has. *See* Injured's Opp'n Br. (Doc. 16 in Civ. Action No. 07-5) at 5 n.10 (complaining that Insured's conduct in underlying case reflected "a clear pattern intended to delay ultimate resolution of [the] underlying personal injury claim while Waynesburg sorts out its coverage issues"); *see also id.* at 7 n.11 (noting that mediation was cancelled in underlying suit because of coverage issues).

In sum, the Insured's request to seek out other potential necessary and/or indispensable parties resembles the type of "fishing expedition" commonly disfavored in the law. In light of the very real concerns regarding undue prejudice to the remaining parties in suit, the Defendant's request to take discovery regarding further potential necessary/indispensable parties is denied.

The only remaining issue is the Insured's renewed Motion for an extension of the discovery deadline. *See* Doc. 17.

Given the substantial discovery efforts being made in the underlying action, the court will grant the Defendant's request for an extension of discovery until September 28, 2007.[4]  Counsel are cautioned, however, that the court does not anticipate granting further extensions to the current parties, and they should cooperate reasonably and in good faith to complete discovery within the now extended time frame.

For all of these reasons, the Defendant's Motions will be granted to the extent described above.  As for joinder, the Broker has been deemed a necessary party and it must be joined as a defendant in this case.  Given that the joinder was occasioned by the request of the Defendant-Insured, the court believes that the costs and effort of drafting the amended pleadings should be borne chiefly by the requesting party.  Thus, the Insured is charged with the responsibility of drafting the amending language, and it shall work in cooperation with the Plaintiff to ensure that the amended pleadings are made ready to file.  Upon the Insurer's approval and filing of the amended pleadings, the Insured shall bear the cost of serving the amended pleadings on the Broker.

Once the additional defendant has been joined and the discovery between the current parties is completed, the court

---

[4]  The Defendant's Motion asks for an extension until September 30, 2007, which falls on a Sunday.  *See* Doc. 17 at 3.  As granted, the request will be moulded to the date of Friday September 28th.

will call a status conference to establish an appropriate case management schedule moving forward in this case.[5]

Consistent with the foregoing the court hereby enters the following:

## II.  ORDER

The Defendant's Motions to compel joinder of an additional party (**Doc. 15**) and for an extension of discovery (**Doc. 17**) are **GRANTED** to the extent described above.  IT IS FURTHER ORDERED that the Insured and the Insurer shall make certain that the amended complaint is filed and served no later than September 7, 2007.  Finally, the discovery deadline is extended until September 28, 2007.

THESE THINGS ARE SO ORDERED.

August 9, 2007

Francis X. Caiazza
U.S. Magistrate Judge

cc (via email):

James T. Marnen, Esq.
Cindy Stine, Esq.
Howard M. Louik, Esq.
Andrew K. Fletcher, Esq.
Dennis R. Very, Esq.
Frederick D. Rapone, Esq.
Thomas J. Madigan, Esq.

---

[5]  The case management conference currently scheduled for September 5, 2007 is VACATED.